# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT HENDERSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-14-0474-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DATE: October 31, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Henderson, Morongo Valley, California, pro se.

Michael Larsen, Twentynine Palms, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Effective February 28, 2014, the agency removed the appellant from his position as a Training Instructor based on five charges.  Initial Appeal File (IAF), Tab 6 at 14.  On April 14, 2014, the appellant filed an appeal with the Board.  IAF, Tab 1.  The administrative judge issued an order informing the appellant that his appeal appeared to be untimely.  IAF, Tab 9.  The administrative judge ordered the appellant to submit evidence and argument showing that his appeal was timely or that good cause existed for the delay in filing his appeal.  *Id*. at 3.  The appellant did not respond, and the agency filed a motion to dismiss the appeal.  IAF, Tab 5.  The administrative judge granted the agency's motion and dismissed the appeal as untimely filed without a showing of good cause.  IAF, Tab 10, Initial Decision (ID) at 6-7.  The appellant filed a petition for review of the initial decision,[2] and the agency filed a response in opposition to his petition.  Petition for Review (PFR) File, Tabs 1, 4.

¶3      Generally, an appeal of an agency action must be filed no later than 30 days after the effective date of the action being appealed or 30 days after the date of

---

[2] The appellant filed an additional pleading, which the Office of the Clerk of the Board rejected for procedural reasons.  *See* IAF, Tab 3.

the receipt of the agency's decision, whichever is later.  *See* 5 C.F.R. § 1201.22(b).  The appellant bears the burden of proof on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2).  On review, the appellant does not dispute the administrative judge's findings that he received the agency's decision letter on February 12, 2014, and his removal became effective on February 28, 2014.  *See* ID at 2.  Accordingly, under the Board's regulations, the appellant had to file his removal appeal on or before March 31, 2014, which was the first business day after the 30th day from the effective date of his removal.  *See* 5 C.F.R. §§ 1201.22(b), 1201.23.  The appellant, however, did not file his appeal with the Board until April 14, 2014, which was 14 days after the filing deadline.  IAF, Tab 1.

¶4        The Board generally will dismiss an untimely claim unless the appellant establishes good cause for the delay.  *See* 5 C.F.R. § 1201.22(c).  To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his claim.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  It is within the administrative judge's discretion to determine whether the appellant has shown good cause for his untimely filing.  *See Alonzo*, 4 M.S.P.R. at 184.

¶5        On review, the appellant challenges the merits of his removal without addressing the timeliness issue.  PFR File, Tab 1.  The record reflects that the agency informed the appellant of his right to file an appeal with the Board

following the effective date of his removal; however, as previously noted, the appellant filed his appeal 14 days late. IAF, Tab 1, Tab 6 at 41. Moreover, the appellant failed to respond to the administrative judge's timeliness order, which afforded him the opportunity to justify his late filing, or to the agency's motion to dismiss his appeal based, in part, on untimeliness. IAF, Tab 5 at 4, Tab 9.

¶6    In his petition for review, the appellant has not explained his failure to respond to the timeliness order below, and he offers no evidence or argument showing good cause for his untimely filing. As a result, we discern no basis to disturb the initial decision dismissing this appeal as untimely filed. *See, e.g.*, *Goode v. Department of Health & Human Services*, 5 M.S.P.R. 191, 192 (1981) (administrative judge properly dismissed appeal as untimely where the appellant submitted no reason for his late filing).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.